# Constitutionality of Government Commission's Use of Logo Including an Historical Cross in its Design

The Christopher Columbus Quincentenary Commission's use of a logo consisting of the number 500 with a cross in one of the zeros, and a star in the other, does not violate the Establishment Clause of the First Amendment. The use of a cross with clear historical associations in the design of a government commission's logo is compatible with the Supreme Court's holding in *Lynch* v. *Donnelly*, 465 U.S. 668 (1984). Furthermore, the Establishment Clause does not require a *per se* rule against the inclusion of religious symbolism in government emblems.

December 9, 1986

### MEMORAMDUN OPINION FOR THE ASSISTANT TO THE CHAIRMAN, CHRISTOPHER COLUMBUS QUINCENTENARY JUBILEE COMMISSION

This responds to your request for our opinion whether use by your Commission of either of two logos would violate the Establishment Clause. Each logo consists of the number 500 with a cross in one zero and a star in the other. The only relevant difference between the two logos is the design of the cross. In Design B, the cross is an exact replica of the one that appeared on "the flag of the green cross," which was presented to Columbus by Isabella of Castille and which Columbus carried at the masthead of his ships and hoisted over the island on which he landed on October 12, 1492.[1] Design A depicts a somewhat stylized version of the same cross, in red. For the reasons set forth below, we believe that either of the two designs would be acceptable.

In *Lynch* v. *Donnelly*, 465 U.S. 668 (1984), the Supreme Court upheld municipal display of a creche as part of a city's Christmas observance. The Court held that celebrating Christmas and depicting its origins were legitimate secular purposes, *see id.* at 681, and that inclusion of the creche neither had the primary effect of advancing religion nor resulted in excessive entanglement between religion and government.[2] In *dicta*, the Court also noted the wide variety of "references to our religious heritage," including the Pledge of Allegiance and the National Motto "In God we Trust." *Id.* at 676. It concluded that "[a]ny notion that these symbols pose a real danger of establishment of a state church is farfetched indeed."[3]

---

[1] You indicate that the original cross of the green flag also displayed an F and a Y, for Fernando and Ysabel, but that these are omitted from the design of the logo.

[2] *Id.* at 685. Justice O'Connor concurred, and analyzed the question somewhat differently. For her, the creche was permissible because it was not intended to endorse religion and could not "fairly be understood to convey a message of government endorsement." *Id.* at 693 (O'Connor, J., concurring).

[3] *Id.* at 686. Justice O'Connor also referred to the National Motto, as well as to government proclamation of Thanksgiving, and the phrase "God save the United States and this honorable court." She said:

> Those government acknowledgments of religion serve, in the only ways reasonably possible in our culture, the legitimate secular purpose of solemnizing public occasions, expressing confidence in the future, and encouraging the recognition of what is worthy of appreciation in society. For that reason, and because of their history and ubiquity, those practices are not understood as conveying government approval of particular religious beliefs.

*Id.* at 693 (O'Connor, J., concurring).

In our view, use of an obviously historical cross in an historically commemorative seal fits within both the holding and *dicta* of *Lynch*. The U.S. Court of Appeals for the Tenth Circuit's holding in *Board of County Commissioners of Bernalillo County* v. *Friedman*, 781 F.2d 777 (10th Cir. 1985) (en banc), *cert. denied*, 476 U.S. 1169 (1986), is not to the contrary. There, the court struck down a county seal containing a relatively large latin cross and the phrase "with this we conquer." In so doing, however, the court did not purport to establish a *per se* rule against religious symbolism in public emblems.[4] Quite the contrary, the court struck down the Bernalillo County seal on the facts of that case.

The court observed that there was no record of when or why the seal was adopted, or of what it was supposed to symbolize. However, the court found "highly persuasive" evidence "that the seal leads the average observer to the conclusion that the county government was 'advertising' the Catholic faith." 781 F.2d at 781. Even so, the court stated that some uses of the seal, such as "[u]se similar to a notary seal," might still be constitutional. *Id*. However, the county's practice of using the seal "on all county paperwork, on all county vehicles, even on county sheriff's uniforms" "pervaded the daily lives of county residents," and was thus unconstitutional. *Id*. at 782. The court distinguished *Lynch* on that basis, and also on the ground that the cross, unlike the creche, lacked a secular context.

*Bernalillo County* is therefore distinguishable on its facts. In the instant case, there will be a clear record of why the Commission chose to include a cross in its logo and its historical relationship to Columbus' voyage. Indeed, historical commemoration is the very *raison d'etre* of not only the logo, but of the Commission itself. The cross will play only a small role in the commemoration and could hardly be said to pervade the daily lives of citizens.

We therefore believe that inclusion of an obviously historical cross in the Commission's logo would not violate the Establishment Clause. The cross in Design B is historical and, in our view, constitutional. The more stylized cross in Design A is somewhat less obviously historical. A *red* cross is, of course, a less direct reference to the flag of the *green* cross. Nevertheless, its basic design is very nearly the same. Thus, we believe that either design would be permissible.

DOUGLAS W. KMIEC
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[4] Indeed, such a *per se* rule would be quite at odds with American history. As the Court noted in *Lynch, supra*, there is a long tradition of public use of religious symbols. In fact, the Great Seal of the United States is itself a religious symbol.